IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:14cr81-RJC

UNITED STATES OF AMERICA, )
 )
        Plaintiff, )
 )
v. ) CONSENT ORDER AND
 ) JUDGMENT OF FORFEITURE
 ) PENDING RULE 32.2(c)(2)
DONNELL STURDIVANT, SR., )
 )
        Defendant. )

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

    1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **A forfeiture money judgment in the amount of $18,852, such amount constituting the proceeds of offenses set forth in the Bill of Indictment.**

    2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

    3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

    4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation. Further, the United States Attorney's Office agrees to, as permitted and authorized by applicable statute and regulation, request the use of forfeited assets to pay towards any outstanding restitution ordered by the Court. However, the Defendant understands that the authority of whether to grant the request rests solely with the Attorney

General or her designee, and not the United States Attorney's Office. Further, the United States agrees that, under the circumstances of this case, if and when Defendant pays any restitution ordered by this Court in-full, the Government will no longer seek to collect on any outstanding amounts due on this forfeiture Money Judgment.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981 and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
DONNELL STURDIVANT, SR.
Defendant

_____
PETER ADOLF, ESQ.
Attorney for Defendant

Signed this the 13 day of August 2015

_____
UNITED STATES District JUDGE